# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>    v.<br><br>R. PEREZ, et al.,<br><br>        Defendants. | 1:19-cv-00400-LJO-GSA (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br>**(ECF No. 8.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 28, 2019. (ECF No. 1.)

On May 20, 2019, Plaintiff filed a motion for a temporary restraining order which the court construes as a request for preliminary injunctive relief. (ECF No. 8.)

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

1

that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

## II. PLAINTIFF'S REQUEST

Plaintiff requests a court order compelling officials at Kern Valley State Prison ("KVSP"), where Plaintiff is incarcerated, to assign him single-cell status to prevent further assaults against him by cell mates. Plaintiff asserts that he is disabled and uses a wheelchair and he has been previously threatened and assaulted by cell mates at KVSP. Plaintiff also asserts that he was assaulted twice by cell mates at Mule Creek State Prison when he was incarcerated there.

### **Analysis**

The court lacks jurisdiction to issue the order sought by Plaintiff because the order would not remedy any of the claims upon which this case proceeds. This case was filed against defendants at KVSP based on events occurring before March 28, 2019. Plaintiff now requests a court order for prospective relief to protect him from future threats and assaults by cell mates. Because such an order would not remedy any of the claims in this case, which are based upon past events, the court lacks jurisdiction to issue the order sought by Plaintiff. Further, the Court at this juncture lacks jurisdiction over KVSP, and thus Plaintiff's motion must be denied.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on May 20, 2019, be DENIED for lack of jurisdiction.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 24, 2019**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE