UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>  vs.<br><br>PEREZ, et al.,<br><br>        Defendants. | 1:19-cv-00400-NONE-GSA-PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 35.) |

On November 8, 2021, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court does not find the required exceptional circumstances. At this early stage in the proceedings, the court finds it unlikely that Plaintiff will succeed on the merits. Plaintiff's Second Amended Complaint was dismissed on October 6, 2021, for failure to state a claim, with leave to amend. To date, Plaintiff has not filed the Third Amended Complaint. Thus, there is no complaint on record in this case for which the Court has found cognizable claims. It is too early for service of process, and no other parties have yet appeared. Moreover, the Court finds that Plaintiff can adequately articulate his claims and respond to the Court's orders. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 10, 2021**                              **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE