# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>    Plaintiff,<br><br>    v.<br><br>R. PEREZ, et al.,<br><br>    Defendants. | **1:19-cv-00400-JLT-GSA-PC**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 52.)** |

### I.     BACKGROUND

Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On March 28, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  This action now proceeds with Plaintiff's claims against defendants Correctional Officers R. Perez, L. Munoz, C. Sims, and Maldonado, ("Defendants") for failing to protect Plaintiff in violation of the Eighth Amendment.  (ECF No. 43.)

On May 19, 2022, Plaintiff filed an objection to the court's order granting Defendants a 90-day extension of time to file a responsive pleading.  (ECF No. 52.)  The court construes Plaintiff's objection as a motion for reconsideration of the order.

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff objects to the court's decision to grant Defendants a 90-day extension of time to file a responsive pleading to the Complaint. Plaintiff argues that an extension of 90 days is too long because the Attorney General's Office delays cases as long as they can and it's not

fair to the Plaintiff.  Plaintiff would agree to 30 days only.  He asserts that he is 72 years old and wants to see justice before he dies.  Plaintiff suggests that settlement for $5,000 is a good solution.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1).  Good cause requires less than manifest injustice but a focus on the diligence of the moving party and that party's reasons for seeking modification are the court's focus in determining whether to permit an enlargement of time. Stoddart v. Express Services, 2017 WL 3333994 *1-*2 (E.D. Ca. August 4, 2017) (other citations omitted).  The District court possesses broad discretion to manage its own docket, which includes inherent power to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants."   Landis v. N. Am. Co., 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Plaintiff does not present the Court with any newly-discovered evidence or show that the Court committed clear error in its ruling. Nor does he point to any intervening change in controlling law. Instead, Plaintiff merely disagrees with the court's decision and recapitulates that which was already considered by the Court in rendering its decision.  Accordingly, Plaintiff fails to show any reason why the Court should reconsider its prior order, and the Court will deny his motion for reconsideration.

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on May 19, 2022, is DENIED.

IT IS SO ORDERED.

Dated:   **August 18, 2022**                   /s/ Gary S. Austin
                                               UNITED STATES MAGISTRATE JUDGE