# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>    v.<br><br>R. PEREZ, et al.,<br><br>        Defendants. | **1:19-cv-00400-JLT-GSA-PC**<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS MALDONADO AND R. PEREZ SHOULD NOT BE DISMISSED FROM THIS CASE FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE**<br>**(ECF No. 59.)**<br><br>**THIRTY DAY DEADLINE** |

## I.     BACKGROUND

Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 28, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) This case now proceeds with Plaintiff's Third Amended Complaint filed by Plaintiff on December 13, 2021, against defendants Correctional Officer (C/O) R. Perez, C/O L. Munoz, C/O C. Sims, and C/O Maldonado for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 39.)

On February 17, 2022, the court issued an order directing service upon Defendants in this case. (ECF No. 44.) On September 8, 2022, the United States Marshal returned the summonses unexecuted for defendants Maldonado and R. Perez. (ECF No. 59.) The Marshal indicated that on March 22, 2022, the Litigation Coordinator at Kern Valley State Prison reported that there are no correctional officers named R. Perez or Maldonado at that facility.

## II.     SERVICE OF PROCESS -- RULE 4

Pursuant to Rule 4(m) of the Federal Rules for Civil Procedure,

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "An incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his [or her] duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Here, Plaintiff failed to provide sufficient information for the Marshal to locate and serve Defendants L. Perez and Maldonado with process. Therefore, the Court now issues an order for Plaintiff to show cause why this case should not be dismissed for his failure to timely effect service upon Defendants L. Perez and Maldonado.

### III. ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a written response to this order, showing cause why the court should not dismiss defendants R. Perez and Maldonado from this case based on Plaintiff's failure to timely serve process upon them; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:   **September 14, 2022**              **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE