# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>  v.<br><br>R. PEREZ, et al.,<br><br>        Defendants. | **1:19-cv-00400-JLT-GSA-PC**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 62.)**<br><br>**ORDER ADDRESSING THE MATTER OF UNSERVED DEFENDANTS AND DISCHARGING ORDER TO SHOW CAUSE (ECF No. 60.)** |

## I.      BACKGROUND

Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pre se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the Third Amended Complaint filed by Plaintiff on December 13, 2021, against Correctional Officers Perez, Muniz, Sims, and Maldonado for failure to protect Plaintiff in violation of the Eighth Amendment.  (ECF No. 39.)

Defendants Muniz and Sims were successfully served with process, but on September 8, 2022, the United States Marshal ("Marshal") returned the summonses unexecuted for defendants Maldonado and R. Perez.  (ECF No. 59.)  The Marshal indicated that on March 22, 2022, the Litigation Coordinator at Kern Valley State Prison reported that there are no correctional officers named R. Perez or Maldonado at that facility.  (Id.)

Case 1:19-cv-00400-JLT-GSA   Document 64   Filed 10/12/22   Page 2 of 5

On September 15, 2022, the Court issued an order for Plaintiff to show cause why Defendants R. Perez and Maldonado should not be dismissed from this case based on Plaintiff's failure to provide the Marshal with addresses for Defendants R. Perez and Maldonado for service of process.  (ECF No. 60.)

On September 30, 2022, Plaintiff responded to the Court's order to show cause and also filed a motion seeking the appointment of counsel.  (ECF Nos. 61, 62.)  On October 7, 2022, Defendants Sims and Munoz filed an opposition to Plaintiff's motion for appointment of counsel. (ECF No. 63.)

## II.   APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

### Discussion

Plaintiff seeks appointment of counsel to assist him with finding and identifying Defendants Perez and Maldonado to enable service of process by the Marshal.  Plaintiff states that he knows no other way to find out where these Defendants are currently located.  He believes that these Defendants retired from the California Department of Corrections and Rehabilitation.

In opposition to the motion for appointment of counsel, Defendants Sims and Munoz argue that Plaintiff's motion should not be granted because he has not shown special circumstances, or that his liberty is at stake.  Defendants assert that because Plaintiff is already

2

incarcerated he is not subject to loss of his physical liberty should he not prevail in this case, and therefore he does not have a constitutional right to counsel.  Defendants argue that Plaintiff merely alleges that he should be appointed counsel because of public interest, support of the constitution, and for fairness and justice under the due process clause  However, and though important,  there do not establish exceptional circumstances that would entitle him to the appointment of counsel.  In addition, Defendants assert that Plaintiff has demonstrated his ability to articulate his claims *pro se* because he has litigated this case to this point independently, and he has litigated other cases *pro se*.  Finally, Defendants argue that there is no evidence showing that Plaintiff is likely to prevail on the merits of this case.

Defendants' arguments have merit.  The Court does not find the required exceptional circumstances present. Plaintiff seeks appointment of counsel to assist him with locating Defendants Perez and Maldonado to enable the Marshal to serve them with process.  This is not an exceptional circumstance under the law.  While the court has found that "Plaintiff states cognizable claims in the Third Amended Complaint [against] Defendants Perez, Munoz, Sims, and Maldonado for failing to protect him in violation of the Eighth Amendment," this finding is not a determination that Plaintiff is likely to succeed on the merits.  (ECF No. 41 at 15:7-9.)  The Court cannot determine at this stage of the proceedings whether Plaintiff is likely to succeed on the merits.  Plaintiff's failure-to-protect claims are not complex and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders.  Thus, the Court does not find the required exceptional circumstances, and Plaintiff's motion for appointment of counsel shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

## III.   PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE

In response to the Court's order to show cause, Plaintiff argues that his unserved Defendants, Correctional Officers R. Perez and Maldonado, should not be dismissed from this case because he is proceeding *in forma pauperis* and he furnished the Defendants' last known addresses to the Marshal to assist with their identification.  Plaintiff believes that the unserved Defendants retired and the CDCR knows where they are but has not informed the Marshal.

Plaintiff requests that the Marshal use assistance from a Special Investigator if the Litigation Office is unable to assist in identifying the Defendants, or in locating officers who have retired.

**Service Of Process -- Rule 4**

Pursuant to Rule 4(m) of the Federal Rules for Civil Procedure, if a defendant is not served within 90 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "An incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his [or her] duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

**Discussion**

The United States Marshal may command all necessary assistance from the Office of Legal Affairs for CDCR, and may seek the assistance of a Special Investigator if the Litigation Officer at the institution is unable to assist in identifying and/or locating defendants.  (ECF No. 44 at 4:1-4.)  Here, it is not apparent from a reading of the Marshal's return of service unexecuted as to Defendants R. Perez and Maldonado (ECF No. 59) that the Marshal used the assistance of CDCR's Legal Affairs Department, or a Special Investigator to locate the unserved Defendants.

Therefore, by separate order, the Court shall direct the Marshal to attempt re-service on the unserved Defendants using the assistance of CDCR's Legal Affairs Department and a Special Investigator.

## IV.    CONCLUSION

Accordingly, based on the foregoing, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's motion for the appointment of counsel, filed on September 30, 2022, is DENIED without prejudice;

2.      The Court's order to show cause, issued on September 15, 2022, is DISCHARGED; and

3.      The Court shall issue a separate order directing the Marshal to attempt re-service on Defendants Perez and Maldonado using the assistance of CDCR's Legal Affairs Department and a Special Investigator.

IT IS SO ORDERED.

Dated:   __October 11, 2022__                   _____ **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE