1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11  ETUATE SEKONA,

**1:19-cv-00400-JLT-GSA-PC**

12              Plaintiff,

**ORDER DIRECTING THE UNITED STATES MARSHAL TO ATTEMPT RE-SERVICE OF TWO DEFENDANTS WITHOUT PREPAYMENT OF COSTS**

13        v.

14  R. PEREZ, et al.,

**ORDER FOR THE MARSHAL TO CONTACT THE LEGAL AFFAIRS DIVISION OF CDCR TO OBTAIN CURRENT ADDRESSES FOR DEFENDANTS R. PEREZ AND MALDONADO PURSUANT TO THIS ORDER**

15              Defendants.

16

17

18

19        Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

20  with this civil rights action pursuant to 42 U.S.C. § 1983.  The Court previously found service of

21  the Third Amended Complaint appropriate and directed e-service on Defendants in this case

22  (ECF No. 44.)  On March 10, 2022, the Attorney General's Office filed a notice of intent to not

23  waive service by defendants R. Perez and Maldonado, ECF No. 47, and the Court sent service

24  documents to the United States Marshal ("Marshal").

25        On September 8, 2022, the Marshal filed returns of service unexecuted as to defendants

26  Maldonado and R. Perez in this case.  (ECF No. 59.)  The unexecuted summonses indicated that

27  the Litigation Coordinator at Kern Valley State Prison (KVSP) reported that no officers by the

28  names Maldonado or R. Perez were found at KVSP.  (Id.)

1    The United States Marshal may command all necessary assistance from the Office of

2  Legal Affairs for CDCR, and may seek the assistance of a Special Investigator if the Litigation

3  Officer at the institution is unable to assist in identifying and/or locating defendants. (See ECF

4  No. 44 at 4:1-4.)  Here, there is no indication from a reading of the Marshal's returns of service

5  unexecuted as to Defendants R. Perez and Maldonado (ECF No. 59) that the Marshal sought the

6  assistance of CDCR's Legal Affairs Department or a Special Investigator to locate the unserved

7  Defendants. Therefore, by this order, the Court shall direct the Marshal to attempt re-service on

8  the unserved Defendants using the assistance of CDCR's Legal Affairs Department and a Special

9  Investigator.

10    Accordingly, pursuant to Federal Rule of Civil Procedure 4(c), **IT IS HEREBY**

11  **ORDERED** that:

12    1.    Within thirty days from the date of this order, the Marshals Service is directed to

13      notify the following defendants of the commencement of this action and to request

14      a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and

15      28 U.S.C. § 566(c):

16      **(1)    CORRECTIONAL OFFICER R. PEREZ and**

17
18      **(2)    CORRECTIONAL OFFICER MALDONADO**

19      **PLAINTIFF HAS INDICATED THAT HE DOES NOT HAVE A**

20      **CURRENT ADDRESS FOR EITHER OF THESE DEFENDANTS.**

21      **PLAINTIFF BELIEVES THAT THESE DEFENDANTS RETIRED FROM**

22      **EMPLOYMENT AT KERN VALLEY STATE PRISON.  THEY WERE**

23      **EMPLOYED THERE AT THE TIME OF THE EVENTS AT ISSUE IN**

24      **THIS CASE, ON NOVEMBER 17, 2018.  THE MARSHAL IS DIRECTED**

25      **TO CONTACT THE LEGAL AFFAIRS DIVISION OF CDCR TO**

26      **OBTAIN CURRENT ADDRESS FOR DEFENDANTS R. PEREZ AND**

27      **MALDONADO FOR SERVICE OF PROCESS.**

28

**IF ANY CONFIDENTIAL INFORMATION IS PROVIDED BY A THIRD PARTY TO EFFECTUATE SERVICE, INCLUDING CDCR, THE MARSHALS SHALL MAINTAIN THE CONFIDENTIALITY OF ALL INFORMATION PROVIDED TO THEM.   THE MARSHAL IS DIRECTED TO KEEP CONFIDENTIAL THESE DEFENDANTS' HOME ADDRESSES OR OTHER CURRENT ADDRESSES, IF FOUND.  THE ADDRESSES SHOULD BE DISCLOSED TO THE COURT ONLY AND NOT DISCLOSED ON ANY DOCUMENTS FILED ON THE COURT'S PUBLIC RECORD.**

2. The Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

3. If a waiver of service is not returned by the defendant within sixty days of the date of mailing the request for waiver, the Marshal shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), and shall command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this order. The Marshal shall maintain the confidentiality of all information provided by CDCR pursuant to this order. **In executing this order, the Marshal shall contact the Legal Affairs Division of CDCR and request the assistance of a Special Investigator if the Litigation Officer at the institution is unable to assist in identifying and/or locating defendants.**

   b. Within ten days after personal service is effected, the Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM−285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons

and complaint and for preparing new USM−285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

4.     **If defendant waives service, he is required to return the signed waiver to the Marshals Service. The filing of an answer or a responsive motion does not relieve defendant of this requirement, and the failure to return the signed waiver may subject defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).**

5.     In the event that defendant either waives service or is personally served, defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated:   **October 18, 2022**                              **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE