UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>    vs.<br><br>PEREZ, et al.,<br><br>        Defendants. | 1:19-cv-00400-JLT-GSA (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**ORDER GRANTING PLAINTIF'S MOTION TO EXTEND DISCOVERY DEADLINE**<br><br>**(ECF No. 70.)**<br><br>**DEADLINE TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT:**<br>      **MARCH 10, 2023**<br><br>**NEW DISCOVERY DEADLINE:**<br>      **MARCH 24, 2023** |

    Etuate Sekona ("Plaintiff") is a prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 30, 2023, Plaintiff filed a motion for extension of time to file an opposition to Defendants' motion for summary judgment, and a motion to modify the Court's Discovery and Scheduling Order to extend the discovery deadline. (ECF No. 70.)

1

## I. MOTION FOR EXTENSION OF TIME

Plaintiff requests a thirty-day extension of time in which to file an opposition to Defendants' motion for summary judgment. The Court finds good cause to grant Plaintiff an extension of time until **March 10, 2023** to file an opposition.

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

On August 5, 2022, the Court issued a Discovery and Scheduling order setting out pretrial deadlines for the parties, including a discovery deadline of February 5, 2023 and a dispositive motions deadline of April 5, 2023. (ECF No. 56.) Plaintiff requests extension of the discovery deadline. He is currently awaiting Defendants responses to his discovery requests and may need to file a motion to compel.

The Court finds good cause to extend the discovery deadline from February 5, 2023 to March 24, 2023, for all parties. Therefore, the motion to modify the Discovery and Scheduling Order, filed by Plaintiff on January 30, 2023, shall be granted.

## III. CONCLUSION

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to file an opposition to Defendants' motion for summary judgment is GRANTED until **March 10, 2023**;

///

2. Plaintiff's motion to modify the Court's Discovery and Scheduling Order, filed on January 30, 2023, is GRANTED;

3. The discovery deadline is extended from February 5, 2023 to **March 24, 2023** for all parties to this action; and

4. All other provisions of the court's August 5, 2022 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated: **January 31, 2023**                **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE