# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. PEREZ, et al.,<br><br>　　　　　Defendants. | **1:19-cv-00400-JLT-GSA-PC**<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS R. PEREZ AND MALDONADO SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE**<br><br>**(ECF No. 26.)**<br><br>**THIRTY DAY DEADLINE** |

**I.     BACKGROUND**

Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's Third Amended Complaint, filed December 13, 2021, against defendants R. Perez, L. Munoz, C. Sims, and Maldonado for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 43.)   On February 17, 2022, the Court found service of the Third Amended Complaint appropriate and directed e-service on all of the Defendants in this case (ECF No. 44.)

## II. SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

### ***Attempts by Marshal to serve defendants R. Perez and Maldonado***

On March 10, 2022, the Attorney General's Office filed a notice of intent to **not** waive service by defendants R. Perez and Maldonado, ECF No. 47, and the Court sent service documents to the United States Marshal ("Marshal"), (Court record). On September 8, 2022, the Marshal filed returns of service unexecuted as to defendants Maldonado and R. Perez. (ECF No. 59.) The unexecuted summonses indicated that the Litigation Coordinator at Kern Valley State Prison reported that no officers by the names Maldonado or R. Perez were found at KVSP. (Id.)

On October 18, 2022, the Court issued a new order for the Marshal to attempt re-service upon defendants Maldonado and R. Perez. (ECF No. 65.) In this order, the Marshal was directed to attempt re-service on the unserved Defendants using the assistance of CDCR's Legal Affairs Department and a Special Investigator. (Id.)

On November 1, 2022, the Marshal filed returns of service unexecuted as to defendants Maldonado and R. Perez. (ECF No. 67.) The Marshal reported reaching out to the CDCR Office of Legal Affairs on October 19, 2022 and sending a copy of the Court's order to the CDCR for review to try and identify Defendants R. Perez and Maldonado. (Id.) The Marshal also reported speaking with the Office of Legal Affairs on October 31, 2022, but no new information was found to identify Defendants R. Perez or Maldonado. (Id.) The Marshal also reported that the Special Investigator position has not been a position for the last six years. (Id.)

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why Defendants R. Perez and Maldonado should not be dismissed from this case for failure to serve process. Plaintiff has not provided sufficient information to identify and locate these two named Defendants for service of process. If Plaintiff is unable to provide the Marshal with additional information, Defendants R. Perez and Maldonado shall be dismissed from this case.

### III. CONCLUSION

Accordingly, based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendants R. Perez and Maldonado should not be dismissed from this action pursuant to Rule 4(m); and
2. Plaintiff's failure to respond to this order may result in the dismissal of Defendants R. Perez and Maldonado, or possibly dismissal of this entire action.

IT IS SO ORDERED.

Dated: __February 23, 2023__           _____/s/ Gary S. Austin_____
                                        UNITED STATES MAGISTRATE JUDGE