# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PEREZ, et al.,<br><br>　　　　　　Defendants. | 1:19-cv-0400-JLT-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND INVESTIGATOR BE DENIED, AND THAT DEFENDANTS R. PEREZ AND MALDONADO BE DISMISSED FROM THIS ACTION PURSUANT TO RULE 4(m)**<br><br>**OBJECTIONS, IF ANY, DUE BY MAY 1, 2023** |

**I.  BACKGROUND**

　　Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Third Amended Complaint, filed December 13, 2021, against defendants R. Perez, L. Munoz, C. Sims, and Maldonado ("Defendants") for failure to protect Plaintiff in violation of the Eighth

1

Amendment.[1] (ECF No. 39.) On February 17, 2022, the Court found service of the Third Amended Complaint appropriate and directed e-service on all of the Defendants in this case. (ECF No. 44.)

On March 10, 2022, the Attorney General's Office filed a notice of intent to not waive service by defendants R. Perez and Maldonado, ECF No. 47, and the Court sent service documents to the United States Marshal ("Marshal"). On September 8, 2022, the Marshal filed returns of service unexecuted as to defendants Maldonado and R. Perez. (ECF No. 59.) The unexecuted summonses indicated that the Litigation Coordinator at Kern Valley State Prison (KVSP) reported that no officers by the names Maldonado or R. Perez were found at KVSP. (Id.)

On October 18, 2022, the Court issued an order directing the Marshal to contact the Legal Affairs Division of the CDCR to obtain current addresses for defendants R. Perez and Maldonado and to serve them with process at their current addresses. (ECF No. 65.) The Marshal was again unable to locate and serve defendants R. Perez and Maldonado. On November 1, 2022, the Marshal filed returns of service unexecuted. (ECF No. 67.) The Marshal reported contacting CDCR's Legal Affairs Department but found no additional information to identify and locate either of the two Defendants. (Id.)

On February 24, 2023, the Court issued an order requiring Plaintiff to show cause why Defendants R. Perez and Maldonado should not be dismissed from this case for failure to serve them. (ECF No. 75.) On March 23, 2023, Plaintiff responded to the order. (ECF No. 81.) Plaintiff failed to provide current addresses for the two Defendants and requested Court-appointed counsel and a special investigator to locate defendants R. Perez and Maldonado. (Id.)

**II.    RULE 4(m) - SERVICE OF PROCESS**

Pursuant to Rule 4(m),

> **Time Limit for Service.** If a defendant is not served within 120 days after the filing of the complaint, the courtBon motion or on its own after notice to the plaintiffBmust dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good

---

[1] On February 15, 2022, the Court issued an order dismissing all other claims and defendants from this action based on for Plaintiff's failure to state a claim. (ECF No. 43.)

2

>cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Id. (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Id. at 1421-22.

### III.   DISCUSSION

The Court and the Marshal have exhausted the avenues available for identifying and locating defendants R. Perez and Maldonado on behalf of Plaintiff, and Plaintiff appears unable to provide the Marshal with a current address at which defendants R. Perez and Maldonado can be located. These findings and recommendations shall act as notice to Plaintiff of the Court's intent to dismiss defendants R. Perez and Maldonado for failure to serve process.

#### A.   Motion to Appoint Counsel

Plaintiff has requested court-appointed counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

3

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. The fact that Plaintiff is indigent and unable to afford counsel does not make Plaintiff's case exceptional. Moreover, based on a review of the record in this case the Court finds that Plaintiff can adequately articulate his claims. Thus, the court does not find the required exceptional circumstances and therefore Plaintiff's motion for appointment of counsel should be denied without prejudice to renewal of the motion at a later stage of the proceedings.

### B. Motion for Court-appointed Investigator

Plaintiff requests the Court to appoint an investigator to assist him with finding current addresses for defendants R. Perez and Maldonado, to enable service of process. It is well settled that "there is no statutory authorization for a court-appointed investigator for civil litigants proceeding *in forma pauperis*." Witkin v. Lotersztain, No. 219CV0406TLNKJNP, 2022 WL 7099719, at *2 (E.D. Cal. Oct. 12, 2022) (citing Snow v. Mar, 785 F. App'x 465, 466 (9th Cir. 2019) (citing Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1051 n.7 (9th Cir. 2002)).

Plaintiff has been granted leave to proceed with this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 6.) However, the *in forma pauperis* statute does not authorize the expenditure of public funds for investigators. See 28 U.S.C. § 1915; see also Hadsell v. Internal Revenue Service, 107 F.3d 750, 752 (9th Cir. 1997); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Brown v. Johnson & Johnson, Inc., Case No. 1:17-cv-01285-AWI-EPG, 2018 WL 5734531, *2–3 (E.D. Cal. Oct. 31, 2018) (holding that "the Court is without authority to appoint an investigator or researcher to assist Plaintiff."); also see Gaines v. Harbert, No. 07cv1320-J(CAB), 2009 WL 1481327, at *1 (S.D. Cal. May 27, 2009) (denying *pro se* prisoner's motion for appointment of investigator as Section 1915 does not require federal courts to pay expert fees or other costs); Khademi v. South Placer Co. Jail, No. 2:21-cv-1498 KJM DB P, at *1 (E.D. Cal.

Oct. 18, 2021) ("the court is aware of no authority permitting it to provide plaintiff [a state prisoner proceeding *pro se*] an investigator").

Plaintiff's instant motion concerns funding, because only litigants who need funding need permission to hire a private investigator. Santos v. Baca, No. 211CV01251KJDNJK, 2014 WL 12910916, at *2 (D. Nev. Aug. 19, 2014). The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Id. (citing Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (citing United States v. MacCollom, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976)). The two potential sources of Congressional authorization are 28 U.S.C. § 1915 and 18 U.S.C. § 3006A. Id. First, "[t]he *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of funds for a private investigator." Id. (citing Covarrubias v. Gower, 2014 WL 342548, *1 (N.D. Cal. Jan. 28, 2014) (citing Tedder, 890 F.2d at 211-12 (pauper statute does not waive the payment of fees or expenses for an indigent's witnesses)). Second, the Criminal Justice Act, 18 U.S.C. § 3006A, does not apply because this is a civil, and not a criminal, case. Id. Thus, no Congressional authorization exists for the appointment of a private investigator.

Accordingly, Plaintiff's request to appoint an investigator to assist him should be denied.

## IV. RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for appointment of counsel and an investigator be denied; and
2. Defendants R. Perez and Maldonado be dismissed from this action based on Plaintiff's failure to provide information sufficient for the Marshal to effect service of process. Fed. R. Civ. P. 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **On or before May 1, 2023**, any party to this case may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after the date the objections are filed. The parties are advised that failure to file objections within the

5

specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **April 6, 2023**            **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE