UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>    vs.<br><br>PEREZ, et al.,<br><br>        Defendants. | 1:19-cv-00400-JLT-GSA (PC)<br><br>**ORDER STRIKING IMPERMISSIBLE SURREPLY (ECF No. 84.)** |

## I.    BACKGROUND

Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The case now proceeds with Plaintiff's Third Amended Complaint filed on December 13, 2021, against defendants R. Perez, L. Munoz, C. Sims, and Maldonado for failure to protect Plaintiff in violation of the Eighth Amendment.[1] (ECF No. 39.)

On December 5, 2022, defendants Munoz and Sims ("Defendants") filed a motion for summary judgment and to dismiss. (ECF No. 69.) On March 2, 2023, Plaintiff filed an opposition to the motion. (ECF No. 76.) On March 15, 2023, Defendants filed a reply to Plaintiff's opposition. (ECF No. 78.)

---

[1] On February 15, 2022, the Court issued an order dismissing all other claims and defendants from this case for failure to state a claim. (ECF No. 43.)

1

On April 3, 2023, Plaintiff filed a response to Defendants' reply. (ECF No. 84.) The court construes Plaintiff's response as an impermissible surreply.

**II.    SURREPLY**

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited March 1, 2021). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's response to Defendants' reply to Plaintiff's opposition is a surreply because it was filed on April 3, 2023, after Defendant's motion was fully briefed. The motion for summary judgment and to dismiss was fully briefed and submitted on the record under Local Rule 230(*l*) on March 15, 2023, when Defendants filed a reply to Plaintiff's opposition. In this case, the court neither requested a surreply, nor granted a request on the behalf of Plaintiff to file a surreply. Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture. Therefore, Plaintiff's surreply shall be stricken from the record.[2]

**III.    CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's surreply, filed on April 3, 2023, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:   **April 11, 2023**                  **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] "A document which is 'stricken' will not be considered by the Court for any purpose." (Informational Order, ECF No. 2 at 2 ¶II.A.)