UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>          Plaintiff,<br><br>     vs.<br><br>PEREZ, et al.,<br><br>          Defendants. | 1:19-cv-00400-JLT-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER BY THE DISTRICT JUDGE<br><br>(Doc. 90.) |

## I.     BACKGROUND

Etuate Sekona is a state prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The case now proceeds with Plaintiff's Third Amended Complaint filed on December 13, 2021, against defendants L. Munoz and C. Sims for failure to protect Plaintiff, in violation of the Eighth Amendment.[1]  (Doc. 39.)

On August 5, 2022, the Court issued the Discovery and Scheduling Order, setting a deadline of February 5, 2023 for Plaintiff to conduct discovery, including the filing of motions to compel.  (Doc. 56.)  On February 13, 2023, Plaintiff filed a motion for extension of time to file a motion to compel.  (Doc. 74).  On April 13, 2023, the magistrate judge denied Plaintiff's

---

[1] On February 15, 2022, the Court issued an order dismissing claims and defendants from this case for failure to state a claim.  (Doc. 43.)  On May 15, 2023, the Court issued an order dismissing defendants Perez and Maldonado from this case for Plaintiff's failure to provide information to enable service of process.  (Doc. 94.)

1

motion for extension of time.  (Doc. 87.)

On April 28, 2023, Plaintiff filed objections to the April 13, 2023 order, which the Court construes as a motion for reconsideration by the district judge of the magistrate judge's order.  (Doc. 89.  On May 8, 2023, Defendants filed an opposition to Plaintiff's motion for reconsideration.  (Doc. 92.)  Plaintiff did not file a reply.  The motion is now submitted to the Court for resolution.  Local Rules 230(*l*).

## II.    REQUEST FOR RECONSIDERATION BY DISTRICT JUDGE

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection. This request shall be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."  Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).  "The District Judge in the case must consider timely objections and modify or set aside any part of [a Magistrate Judge's non-dispositive] order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "A party may serve and file objections to the order within 14 days after being served with a copy[, and a] party may not assign as error a defect in the order not timely objected to.  Id.

## III.   DISCUSSION

Plaintiff requests review by the district judge of the magistrate judge's order at Docket No. 87 issued on April 13, 2023 denying Plaintiff's motion for an extension of time to file a motion to compel.

After review of the order, examination of Plaintiff's arguments in his request for reconsideration, and examination of Defendants' opposition to the request for reconsideration, the Court does not find the magistrate judge's rulings in the order denying Plaintiff an extension of time to be erroneous or contrary to law.  As the magistrate judge's order explains (*see* Doc. 87 at 5), Plaintiff had more than five months to prepare and file a motion to compel and did not show good cause for a further extension of time. Accordingly, Plaintiff's request

for reconsideration of the April 13, 2023 order shall be denied.[2]

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for reconsideration (Doc. 90) of the magistrate judge's April 13, 2023 order is **DENIED**.
2. This case is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **June 19, 2023**

UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's request for reconsideration also suggests that the assigned magistrate judge should recuse himself. (Doc. 90 at 3.) However, Plaintiff only points to rulings adverse to Plaintiff entered in this case. This is not a valid basis for recusal. *See United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias.").