1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ETUATE SEKONA                          Case No. 1:19-cv-00400-JLT-HBK

12                   Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                             TO DENY PLAINTIFF'S CONSTRUED
13           v.                              MOTION FOR TEMPORARY RESTRAINING
                                             ORDER[1]
14    R. PEREZ, *et al*.
                                             (Doc. No. 100)
15                   Defendants.
                                             CLERK TO PROVIDE PLAINTIFF WITH
16                                           COURTESY COPY OF DOCKET SHEET

17                                           FOURTEEN DAY OBJECTION PERIOD

18

19           This matter was reassigned to the undersigned on July 3, 2025. (Doc. No. 106).  Pending

20    before the Court is Plaintiff's pleading titled "Request Question the Status Schedules of This

21    Case" filed October 21, 2024.  (Doc. No. 100, "Motion").  In his pleading, Plaintiff requests "an

22    emergency TRO" in addition to a status update on his case.  (*Id*. at 2).  On November 8, 2024,

23    Defendants filed an opposition to Plaintiff's motion for a temporary restraining order ("TRO").

24    For the reasons stated below, the undersigned recommends Plaintiff's request for a TRO be

25    denied and directs the Clerk to provide Plaintiff with a courtesy copy of the docket sheet.

26           ////

27    _____

28    [1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

## I.  BACKGROUND

Plaintiff Etuate Sekona, a state prisoner proceeding pro se, initiated this civil rights action under 42 U.S.C. § 1983 against multiple California Department of Corrections and Rehabilitation ("CDCR") officials.  Following dismissal of certain defendants and claims, Plaintiff proceeds on his Third Amended Complaint ("TAC"), as screened, alleging Eighth Amendment failure-to-protect claims against correctional officers Munoz and Sims in both their individual and official capacities. (Doc. No. 39).

In his October 21, 2024 three-page motion, Plaintiff seeks a status update and emergency TRO.  (Doc. No. 100 at 1-2).  Plaintiff states he needs an emergency TRO to protect "Due Process" because "Defendants uses this threat to run away, to drops the law suit on them, to take or effection [sic] their pay or retirement pay. Always their way."  (*Id*. at 2).  Plaintiff alleges that CDCR officials have hindered Plaintiff's ability to prosecute his case—by obstructing service of process and failing to provide case updates—it fails to seek any immediate injunctive relief related to his surviving Eighth Amendment claim.  Plaintiff complains that two Defendants have either quit or retired and been dismissed because he was not able to effectuate service on them. It is unclear whether Plaintiff is complaining about the fact that two other Defendants have quit or retired or is seeking to enjoin the two remaining Defendants from changing jobs or retiring. Defendants filed an opposition to the motion arguing that the motion for a TRO is procedurally and legally deficient under Federal Rule of Civil Procedure 65.  (Doc. No. 101).

## II.  TRO APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for a temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b). This court's Local Rules also set forth certain procedural mandates for a TRO to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for TRO; (3) a brief on the relevant legal issues;  (4) an

affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed TRO and provision for bond; and (7) a proposed order with blank for fixing time and date for a hearing. Local Rule 231(c) (E.D. Cal. 2022).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. L.R 231 (a)-(b) (E.D. Ca. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum."  *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).  The Court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it."  *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

### III.  TRO ANALYSIS AND DISCUSSION

Plaintiff's three-page motion for a TRO is procedurally deficient and facially fails to comport with Rule 65 or Local Rule 231.  As a threshold matter, Plaintiff has not complied with Local Rule 231(a).  Other than requesting an emergency TRO, Plaintiff fails to provide exactly what relief he is seeking, and fails to provide any briefing on any of the *Winter* factors.

Putting aside the procedural deficiencies, the Motion nonetheless is without merit.  To the extent discernable, Plaintiff appears to fault unspecified "Defendants" for the dismissal of Defendants R. Perez and Maldanado, or because Perez and Maldanado were permitted to resign from employment or retire.  Both Defendants Perez and Maldanado were dismissed by the Court on May 15, 2023 under Federal Rule of Civil Procedure 4(m).  (*See* Doc. No. 94).  "A request for injunctive relief remains live only so long as there is some present harm left to enjoin."  *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 864 (9th Cir. 2017) (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any

continuing, present adverse effects." *O'Neal v. City of Seattle*, 66 F.3d 1064, 1066 (9th Cir. 1995) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  Thus, any alleged wrongful conduct by unspecified Defendants is in the past.

Further, when construing Plaintiff's request liberally, the relief sought—namely an order preventing Defendants or CDCR staff from resigning, retiring, receiving their pay and evading liability—falls outside the Court's jurisdiction and has no nexus to the surviving claim against Defendants Munoz and Sims.  *See Pac. Radiation Oncology v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).  Speculative fears about Defendant unavailability do not amount to irreparable injury, and Plaintiff identifies no concrete procedural harm.  *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury…").  Further, the Court does not have personal jurisdiction or subject matter jurisdiction over any unserved prison officials at CDCR.  *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

In summary, the undersigned finds this case does not involve extraordinary circumstances warranting the issuance of a TRO and recommends for all the reasons set forth above that the district court deny Plaintiff's TRO.

**IV. STATUS UPDATE**

A review of the docket reflects that the undersigned issued a Findings and Recommendations on July 28, 2025, recommending that Defendants Sims and Munoz motion for summary judgment and partial dismissal (Doc. No. 69) be granted in part and denied in part. (Doc. No. 107).  No ruling has yet issued on those Findings and Recommendations.

Accordingly, it is **ORDERED**:

1.  Plaintiff's request for a status update (Doc. No. 100) is **GRANTED** to the extent set forth herein.

2.  The Clerk of Court shall send Plaintiff a courtesy copy of the docket sheet in this case.

It is further **RECOMMENDED**:

1    Plaintiff's motion for a temporary restraining order (Doc. No. 100) be **DENIED**.

2                                    **NOTICE TO PARTIES**

3         These findings and recommendations will be submitted to the United States district judge

4    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (14)

5    days after being served with these findings and recommendations, a party may file written

6    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7    Findings and Recommendations."  Parties are advised that failure to file objections within the

8    specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

9    838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

10

11   Dated:    July 29, 2025

12                                    HELENA M. BARCH-KUCHTA
                                      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28