UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>          Plaintiff,<br><br>    v.<br><br>R. PEREZ, et al.,<br><br>          Defendants. | Case No.: 1:19-cv-0400 JLT HBK<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PARTIAL DISMISSAL<br><br>(Docs. 69, 107) |

Etuate Sekona asserts the defendants violated his civil rights while he was incarcerated at Kern Valley State Prison. (*See generally* Doc. 39.) Defendants Sims and Munoz seek partial summary judgment, arguing that Plaintiff failed to exhaust his available administrative remedies for the claim against Sims. (Doc. 69 at 2, 10-12.) Defendants also seek partial dismissal of Plaintiff's request for declaratory relief and Plaintiff's official capacity claims pursuant to Rule 12(b)(1) and Rule 12(c) of the Federal Rules of Civil Procedure. (*Id.* at 2, 12-15.) Plaintiff opposed the motion and submitted evidence for the Court's consideration, including many exhibits that included grievances, court orders, and medical documents. (Doc. 76.)

First, the magistrate judge reviewed the exhaustion-based summary judgment. (*See* Doc. 107 at 5-15.) The magistrate judge found it was undisputed that there was an available grievance procedure for Plaintiff to follow, and "the uncontroverted evidence in this case shows that Plaintiff did not exhaust his administrative remedies" related to his claim against Sims. (*Id.* at 13; *see also id.* at 11-15.)

1

1   In addition, the magistrate judge found that no exception to PLRA exhaustion applies under *Ross v. Blake*, 578 U.S. 632 (2016).  (*Id.* at 13-14.)  The magistrate judge found there was no evidence that Plaintiff's appeal was accepted on an emergency basis—despite Plaintiff's reported designation of it as such— "or that Plaintiff was prevented from pursuing it through normal channels."  (*Id.* at 14.)  The magistrate judge also found that "Plaintiff has not presented evidence that prison officials misled him, intimidated him, or otherwise obstructed his ability to appeal the cancellation or file a new grievance." (*Id.* at 15.)  Thus, the magistrate judge recommended the Court grant the motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies for the claim raised against Sims.  (*Id.*)

   Next, the magistrate judge reviewed Plaintiff's request for declaratory relief.  (Doc. 107 at 15.) The magistrate judge found that Plaintiff's alleged Eighth Amendment violations occurred while he was in custody at KSVP, and he was no longer housed at that facility.  (*Id.*)  The magistrate judge found the relief sought was "retrospective in nature" and "a claim for declaratory relief would be superfluous in relation to Plaintiff's Eighth Amendment claims for damages."  (*Id.*)  To the extent Plaintiff sought any prospective relief, the magistrate judge found he "would be unable to demonstrate a likelihood of future harm."  (*Id.*)  The magistrate judge determined recommended the Court dismiss the claim for declaratory relief, finding it was "mooted by his transfer."  (*Id.* at 17.)

   Finally, the magistrate judge observed that Plaintiff stated claims against Defendants "in both their individual and official capacities" in the third amended complaint.  (Doc. 107 at 17, citing Doc. 39 at 17.)  The Court found Plaintiff did not state any allegations in the TAC that "Defendants acted pursuant to a policy or a custom," as required to state a claim against state officials in their official capacities.  (*Id.*)  Consequently, the magistrate judge found "Plaintiff may only proceed only with his request for compensatory damages against Defendant Munoz in his individual capacity only," and recommended the Court grant Defendants' motion to dismiss the official capacity claims.  (*Id.*)

   Plaintiff filed timely objections to the Findings and Recommendations.  (Doc. 109.)  Plaintiff asserts that he "filed so many 602", which he believes Sims did not properly process.  (Doc. 109 at 3.) He contends that it was "[a]lways like that," and he suffered an obstruction to the appeals process through intimidation.  (*Id.* at 3.)  Plaintiff reiterates that he filed the relevant grievance, KSVP-O-19-00153, as an emergency grievance and it was "not granted."  (*Id.*)  Plaintiff cites to *Ross* and indicates

2

the Court should find an exception to the PLRA exhaustion requirement applies.  (*Id.* at 4-5.)  Plaintiff contends the administrative process was "so opaque" that it could not be properly navigated and was "incapable of use." (*Id.* at 4, 6.)  Plaintiff does not object to the findings related to his request for declaratory relief or the claims against Defendants in their official capacities.  (*See generally* Doc. 109.)

   Significantly, Plaintiff's assertions regarding the administrative process being "incapable of use" and "so opaque" that he could not properly avail himself of his administrative remedies are plainly contradicted by the record.  As the magistrate judge observed, Plaintiff "used the grievance procedures and the appeals process, both before and after he filed grievance KVSP-O-19-00153 in this case, including exhausting his administrative remedies against Defendant Munoz. (Doc. 107 at 13, citations omitted.)  Plaintiff's exhaustion of his claims against Munoz shows that the administrative process was available, and Plaintiff was capable of following the exhaustion requirements.  In addition, Plaintiff does not present any evidence the "many 602" he references related to the underlying claim against Sims, or that his failure to appeal the cancellation of grievance KVSP-O-19-00153 was the result of intimidation.  It remains undisputed that Plaintiff did not appeal the first level cancelation of the grievance.  Plaintiff fails to show any factual or legal error by the magistrate judge in the analysis related to his failure to exhaust available administrative remedies related to his claim against Sims.

   According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 28, 2025 (Doc. 13) are **ADOPTED** in full.
2. Defendants' motion for summary judgment (Doc. 69) is **GRANTED** as to Defendant Sims, for Plaintiff's failure to exhaust administrative remedies.
3. Defendant Sims is **DISMISSED** from this action.
4. Defendants' motion to dismiss Plaintiff's request for declaratory relief is **GRANTED**.
5. Defendants' motion to dismiss Plaintiffs' claims raised against Defendants in their official capacities is **GRANTED**.
6. The action **SHALL** proceed on Plaintiff's failure-to-protect claim against Defendant

Munoz, in his individual capacity.

IT IS SO ORDERED.

Dated:   **August 25, 2025**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE