UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA, | Case No. 1:19-cv-00400-JLT-HBK |
| Plaintiff, | ORDER REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION AND DIRECTING STAY OF CASE |
| v. | |
| L. MUNOZ, | NOTICE TO OPT OUT DUE BY OCTOBER 1, 2025 |
| Defendant. | |

This case now proceeds against L. Munoz in his individual capacity on Plaintiff's alleged Eighth Amendment failure to protect claim for monetary damages. (Doc. No. 110). The deadlines in the Discovery and Scheduling Order (Doc. No. 56) have expired. This case is procedurally postured for trial.

Prior to the court setting expert discovery deadlines, the pretrial conference and related deadlines, and the trial date, the Court will afford the parties an opportunity to engage in a settlement conference with a United States Magistrate Judge. The Court refers all civil rights cases filed by *pro se* individuals to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR. No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter through settlement now would save the parties the time

and expense of preparing for trial. The Court therefore will continue a STAY of this action to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in settlement discussions and/or agree to participate in a court mediated ADR. If, however, after meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference. If either party opts out or the settlement is unsuccessful, the Court will set the case for trial.[1]

Accordingly, it is **ORDERED**:

1. The Clerk of Court shall **STAY this action until further order.** During the STAY the parties shall have an opportunity to settle their dispute. No pleadings or motions may be filed in this case during the stay.

2. **No later than October 1, 2025**, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently achievable. **If either party objects to a settlement conference the Court will LIFT the STAY and set expert discovery deadlines, pretrial deadlines, a telephonic trial confirmation hearing, and trial.**

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

Dated:    August 26, 2025

*Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff previously was willing to engage in a settlement conference but that Defendants were not willing to engage in a settlement conference until after the Court ruled on their pending motion for summary judgment (Doc. Nos. 104, 103, respectively).

2